UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICHOLAS FIORILLO,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>PETER SPITALNY, et al.,<br>　　　　　Defendants. | Civil Action No. 22-CV- 12135-AK |

## MEMORANDUM AND ORDER

**A. KELLEY, D.J.**

For the reasons stated below, the *pro se* notice of removal is remanded to the Orleans District Court.

**I.    Background**

On December 16, 2022, Nicholas Fiorillo filed his self-prepared notice of removal. [Dkt. 1]. Fiorillo seeks to remove from Orleans District Court several actions identified as 2226ac1065, 2226ac1066, 2226ac1067, 2226ac1068, 2226ac1069, 2226ac1070.  [Id.].

Fiorillo purports to remove the actions pursuant to 28 U.S.C. §§ 1441, 1443 and 1446. [Id. at 1].  In support of this Court's removal jurisdiction, he states that this Court has jurisdiction pursuant to "a special civil rights removal statute which permits removal of any civil or criminal action by a party who is denied or cannot enforce in the state court a right under any law, providing for equal civil rights of a person for any act under color of authority derived from any law providing for equal rights." [Id. at ¶ 2].  Fiorillo contends that his complaints enumerate 24 causes of action [including causes of action pursuant to 18 U.S.C. §§ 241-242, 873, 891-896, 1956, 1962; 34 U.S.C. § 12601. 42 U.S.C. §§ 1983, 1985]. [Id. at ¶ 5].  He alleges that all of these vexatious cases are inextricably related, consolidation at Federal level pending just and

proper adjudication, is the only just and sound relief against the despicable, systemic pattern of Grand Corruption within the secret courts of the Commonwealth." [Id. at ¶ 8].

Fiorillo seeks adjudication by "a Jurist untainted by corruption" and requests that the clerk assign this action to "Hon. Judge F. Dennis Saylor IV." [Id.]; see also Letter [Dkt. 2]. The Court's records indicate that this is one of several actions Fiorillo sought to remove from state court. See e.g. Ocean Vacation LLC, et al. v. Najarian, et al., No. 22-12160-IT (notice of removal filed Nov. 20, 2022); Ocean Vacations Realty Trust, et al. v. Green et al, No. 22-cv-11774-ADB (notice of removal filed October 21, 2022); Spitalny, et al. v Fiorillo, et al., No. 22-11413-AK (notice of removal filed Sept. 1, 2022). Each of these actions were remanded to state court. [Id.]. On December 20, 2022, Fiorillo and attorney Neil Kreuzer were ordered to show cause as to why either or both should not be sanctioned, pursuant to Federal Rule of Civil Procedure 11. See Electronic Order ECF No. 4. Ocean Vacation LLC, et al. v. Najarian, et al., No. 22-12160-IT.

**II.   Discussion**

Because Fiorillo is proceeding *pro se*, the Court construes his pleading liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). The status of the state court actions are not clear from the *pro se* notice of removal. In the case caption of the notice of removal, Fiorillo identifies himself as the Complainant. From the case number format, and the case type code in particular, these state court actions appear to have been initiated by applications for criminal complaints. See https://www.mass.gov/doc/district-courts-case-numbering-format/download?_ga=2.75506517.1542174401.1671621687-1149461179.1609961337 (last visited Dec. 21, 2022).

The procedures governing removal of criminal matters from state court are set forth in 28 U.S.C. § 1445.  A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant ... in such action." 28 U.S.C. § 1455(a).  The federal court must remand a removed state criminal case where the removal documents, on their face, fail to demonstrate that the matter is properly removed to federal court.  See 28 U.S.C. § 1455(b)(4); see also Massachusetts v. Vilbon, No. 21-11510-IT, 2021 WL 5180237 at *2 (D. Mass. Nov. 8, 2021). Although Fiorillo purports to remove these actions from Orleans District Court pursuant to 28 U.S.C. §§ 1441[1], 1443[2] and 1446[3], these statutes only permit defendants, and not plaintiffs, to remove an action.  See

---

[1] Section 1441(a) provides that civil actions that could have been brought originally in federal court may be removed from state court.  28 U.S.C. § 1441(a).

Section 1441(b) governs removals based on diversity of citizenship.  28 U.S.C. §1441(b). However the diversity statute, 28 U.S.C. § 1332, does not apply where the defendant is attempting to remove a criminal case from state to federal court.  United States v. Williams, No. 15-3239, 2015 WL 6824047, at n 3 (D. Minn. Sept. 29, 2015).

[2] State court criminal matters are removable to federal court pursuant to 28 U.S.C. § 1443, which provides as follows:

Any of the following civil actions or criminal prosecutions, commenced in State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.[2]

28 U.S.C. § 1443.

[3] Section 1446(a) provides that a "defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of

Sreedhar v. Google LLC, No. CV 22-10322-RGS, 2022 WL 1539013, at *2 (D. Mass. May 16, 2022) ("[O]nly a defendant has the power of removal.") (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)).  "Ordinarily, a removal action is instigated by the party that had no choice in selecting the forum – the defendant." Federal Home Loan Mortg. Corp. v. Litano, No. 15-10019-MAP, 2015 WL 3632334, at *3 (D. Mass. 2015) (citing Ocwen Loan Servicing, LLC v. Mickna, No. 5:14–CV–05330, 2015 WL 685264 *3 (W.D.Ark. Feb.17, 2015)).

To the extent Fiorillo filed applications for criminal complaints in state court, the removal statues do not permit him to remove these actions.  Well-established principles of federalism generally require that federal courts leave to the state courts the prosecution of state criminal matters.  Mackey v. Massachusetts, No. 20-12085-DPW, 582 F.Supp.3d 1, 4 (D. Mass. 2022) (citing City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966)).

Moreover, Fiorillo has not followed the procedures for removal and has not met any of the substantive grounds for removal.  Except for case numbers, Fiorillo completely fails to identify the state court actions.  Fiorillo has not, as required, included a short and plain statement of the grounds for removal and he has not provided copies of any criminal or civil applications, complaints, proofs of service or any other filings relating to the state proceedings.  Because the notice of removal does not demonstrate that Fiorillo is entitled to removal to this Court on any ground upon which this Court can exercise its removal jurisdiction, the actions will be remanded to the state court.  Further, "[i]f it clearly appears on the face of the notice and any exhibits

---

the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Finally, Fiorillo is advised that federal courts "possess discretionary powers to regulate the conduct of abusive litigants." Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir.1993). "Vexatious conduct occurs where a party's actions are 'frivolous, unreasonable, or without foundation' even without the presence of 'subjective bad faith.'" Azbuko v. MBNA Am. Bank, 396 F. Supp. 2d 1, 7 (D. Mass. 2005) (quoting Local 285, Serv. Emps. Int'l Union v. Nonotuck Res. Assocs., Inc., 64 F.3d 735, 737 (1st Cir. 1995)). "Courts in this circuit have repeatedly found that a plaintiff who files multiple frivolous and vexatious lawsuits arising out of the same or similar events can be enjoined from filing further lawsuits without leave." Clemens v. Town of Scituate, No. 13-cv-11598-FDS, 2014 WL 12792990, at *6 (D. Mass. June 16, 2014) (collecting cases). As the Supreme Court has explained, frivolous filings waste precious judicial resources:

> Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end.

In re McDonald, 489 U.S. 180, 184 (1989).

Here, the Court's use of resources to address Fiorillo's meritless notices of removal do not promote the interests of justice. The cases Fiorillo seeks to remove from state court have been repeatedly remanded to the state courts. Accordingly, Fiorillo is warned that he could be enjoined from filing further actions in this Court absent permission from a judge of this Court, and/or that he could be subject to monetary sanctions should he make any additional frivolous and/or unreasonable submissions to this Court.

## III. Order

For the foregoing reasons, it is hereby ORDERED

1. The Court hereby remands these actions to the Orleans District Court.

2. The Clerk shall enter a separate Order of Remand and mail copies to Fiorello and the Clerk of the Orleans District Court.

Dated: 1/9/2023                                             /s/ Angel Kelley
                                                            Hon. Angel Kelley
                                                            United States District Judge